# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joseph E. Macon, | ) | |
| Plaintiff, | ) | Civil Action No. 8:19-cv-1933-TMC |
| vs. | ) | |
| Duke Power, | ) | **ORDER** |
| Defendant. | ) | |

Plaintiff Joseph E. Macon ("Plaintiff"), proceeding *pro se*, brought this action against Defendant Duke Power ("Defendant")[1], alleging that he suffered damages when Defendant sprayed the product "Round Up" on his land. (ECF No. 1 at 5). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(b) (D.S.C.). On August 27, 2019, Defendant filed a motion to dismiss. (ECF No. 19). Plaintiff filed a response in opposition to Defendant's motion. (ECF No. 25). Defendant filed a reply to Plaintiff's objections, (ECF No. 28), and Plaintiff filed a sur-reply, (ECF No. 29).[2]

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's motion to dismiss. (ECF No. 31). Plaintiff was advised of his right to file objections to the Report. (ECF No. 31-1). However, Plaintiff filed no objections to the Report, and the time to do so has now run.

---

[1] Defendant asserts that Plaintiff improperly identified it in the complaint as "Duke Power" instead of its proper name—Duke Energy Carolinas, LLC . (ECF No. 19 at 1). Defendant, however, does not seek dismissal on this basis. (ECF No. 19-1 at 1-2).

[2] Defendant objected to Plaintiff's sur-reply as untimely and improper. (ECF No. 30). The magistrate judge declined to strike the sur-reply because it raised no new arguments and would not alter the magistrate judge's conclusions or recommendations in any event. (ECF No. 31 at 7 n.2).

1

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The magistrate judge concluded that Plaintiff failed to allege sufficient facts to establish the he suffered an injury in fact and, therefore, lacked standing to bring this action. (ECF No. 31 at 6-7). Accordingly, the magistrate judge recommended that the court grant Defendant's motion to dismiss. *Id*. at 7. Having carefully and thoroughly reviewed the record and the briefs submitted

by the parties, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 31), and incorporates it herein. Accordingly, Defendant's Motion to Dismiss (ECF No. 19) is **GRANTED**.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

January 27, 2020
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] In light of the court's disposition of this matter, Defendant's motion for entry of final judgment is moot. (ECF No. 37).